UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON MATTHEW RINCONES,

          Petitioner,          Case No. 1:09-cv-833

v.                                          Honorable Gordon J. Quist

LLOYD RAPELJE,

          Respondent.
_____/

# OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Jason Matthew Rincones presently is incarcerated at the Saginaw Correctional Facility. He currently is serving one term of 12 ½ to 25 years and a consecutive term of 2 years, imposed by the Kent County Circuit Court on August 29, 2007, after Petitioner pleaded *nolo contendere* to charges of armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, respectively.

Petitioner sought leave to appeal his sentence to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the sole issue he raises in his application for habeas relief:

> I. WHETHER THE TRIAL COURT DENIED DEFENDANT THE RIGHT TO MEANINGFUL ALLOCUTION BY FAILING TO ASCERTAIN EVIDENCE OF THE CAUSES OF DEFENDANT'S CRIMINAL CHARACTER OR CONDUCT.

(Pet., 2-5, docket #1.) On April 22, 2008, the court of appeals denied leave to appeal for lack of merit in the grounds presented. The Michigan Supreme Court denied leave to appeal on September 9, 2008. The instant petition was timely received by this Court on September 8, 2009.

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits

in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

Petitioner's sole habeas claim is that the trial court failed to provide him with a meaningful opportunity for allocution before sentencing by failing to comply with MICH. COMP. LAWS § 769.8(2)[1] and MICH. CT. R. 6.425(D)(2)(c).[2] Specifically, he argues that the trial court failed to inquire under oath at sentencing into the cause of his criminal character and conduct. As a result, he argues, he did not have a meaningful opportunity to present the circumstances he believed the court should consider in imposing sentence.

Petitioner's claim is not cognizable on habeas review. The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*,

---

[1] MICH. COMP. LAWS § 769.8(2) provides that "[b]efore or at the time of imposing sentence, the judge shall ascertain by examining the defendant under oath, or otherwise, and by other evidence as can be obtained tending to indicate briefly the causes of the defendant's criminal character or conduct, which facts and other facts that appear to be pertinent in the case the judge shall cause to be entered upon the minutes of the court."

[2] Former MICH. CT. R. 6.425(D)(2)(c) is now set forth in MICH. CT. R. 6.425(E)(1)(c), which provides that, at the sentencing proceeding, the court must "give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence . . ."

465 U.S. 37, 41 (1984). Petitioner's claim, raised solely as a claim under state law, is not the proper subject of a habeas petition.

Moreover, even had he invoked the federal Constitution, Petitioner's claim would be unavailing. Although the Federal Rules of Criminal Procedure, like the Michigan Court Rules, require that a defendant be given an opportunity to speak at sentencing, *see* FED. R. CRIM. P. 32(i)(4)(A)(ii), the Supreme Court has held that the right is not constitutional and not subject to review in a habeas proceeding:

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."

*Hill v. United States*, 368 U.S. 424, 428 (1962) (referring to then-applicable provision contained at Rule 32(a)) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939)); *see also Peguero v. United States*, 526 U.S. 23, 27-28 (1999) (applying *Hill* to the requirement that the court inform the defendant of his right to appeal). Because the Supreme Court has never held that defendants have a constitutional right to allocution, the state courts' denials of Petitioner's claim on appeal was neither contrary to nor an unreasonable application of established Supreme Court precedent.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: September 30, 2009                /s/ Gordon J. Quist
                                         Gordon J. Quist
                                         United States District Judge